IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NICK BRADLEY MENNICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-161-S-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| J. SMITH; MICHAEL JOHNSON, KEITH YORDY, LT. GREENLAND, and SGT. LINK, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this prisoner civil rights case are the following: Defendants' Motion to Dismiss (Docket No. 25), Plaintiff's Motions for Injunction (Docket Nos. 20 & 23), and Plaintiff's Motion for Proof of Service (Docket No. 27). Having reviewed the briefing submitted by the parties, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

## DEFENDANTS' MOTION TO DISMISS

### A. Standard of Law

Defendants seek dismissal of Plaintiff's claims for failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

MEMORANDUM DECISION AND ORDER 1

administrative remedies as are available are exhausted."  The Supreme Court has held that where an inmate seeks money damages for a prison conditions claim, he or she must complete the prison administrative process for the claims, even if the process does not provide for money damages.  *Booth v. Churner*, 532 U.S. 731 (2001).  The prison administrative process is sufficient if it "could provide some sort of relief on the complaint."  *Id*. at 734.  In *Porter v. Nussle*, 534 U.S. 516 (2002), the Supreme Court confirmed that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id*. at 532.

If a plaintiff has failed to exhaust his administrative remedies, his claim is subject to dismissal without prejudice upon motion of the defendants.  *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).  An inmate must exhaust his remedies *prior* to filing suit; exhaustion cannot be accomplished during a suit or after a suit has been filed.  *See McKinney v. Carey,* 311 F.3d 1198 (2002) (suit dismissed without prejudice where prisoner attempted to exhaust administrative remedies during pendency of suit).

In *Wyatt v. Terhune*, the Ninth Circuit determined that the proper procedural device for alleging nonexhaustion of administrative remedies is "an unenumerated Rule 12(b) motion."  315 F.3d at 1119.  To resolve such a motion, "the court may look beyond the pleadings and decide disputed issues of fact."  *Id*. at 1119-20.  In such instances, the court "has a broad discretion as to the method to be used in resolving the factual dispute."  *Ritza v. Int'l Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir.

MEMORANDUM DECISION AND ORDER 2

1988). However, the court "must assure that [the petitioner] has [had] fair notice of his opportunity to develop the record." *Id*. at 1120 n.14.

Distinguishing unenumerated 12(b) motions from motions brought under Rules 12(b)(6) and 56, the *Ritza* court further explained that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (internal citations and punctuation omitted). Because failure to exhaust is an affirmative defense, *Wyatt*, 315 F.3d at 1119, Defendants bear the burden of proving nonexhaustion.

**B.     Discussion**

The Idaho Department of Correction (IDOC) has a three-step grievance procedure. The inmate first submits an offender concern form, then a grievance, and then an appeal of the grievance. (Affidavit of Kim Reischman, ¶ 4, and Exhibit A, IDOC Division of Operations Directive 316.02.01.001, Docket No. 25-3). Each step requires a separate form, but the same type of form is used for step 2 or step 3; the only difference is that the inmate checks either the "grievance" or the "appeal" box on the form.

The time periods governing the administrative remedy process are as follows: (1) a prison staff member must respond to an offender concern form within 7 working days of receiving the offender concern form; (2) if the inmate is dissatisfied with the response to the offender concern form, he must file a grievance within 30 days of the incident or problem that is the basis for the grievance; (3) a prison staff member must respond to and return the grievance to the inmate within 10 working days; (4), if the offender is

MEMORANDUM DECISION AND ORDER 3

dissatisfied with the response to the grievance, he must file an appeal within 5 days of receiving the response; and (5) the appellate authority must prepare a response within 14 days of receiving the appeal.  (*Id*., ¶¶ 5-10.)

Defendants argue that Plaintiff filed two separate grievances, but no appeal to either grievance.  (*Id*., ¶ 13.)  Plaintiff, on the other hand, states that the second grievance is not a grievance, but an appeal to the first grievance.  An examination of the original second grievance form shows that he marked the "appeal" box on the grievance/appeal form.  (Grievance/Appeal Form, Docket No. 5-2.)  Notwithstanding the "appeal" notation, prison officials mistakenly processed it as a grievance and addressed the merits.[1]  Even though it appears to have been an otherwise untimely appeal, prison officials did *not* reject it as an untimely appeal.  Based on these facts, the Court concludes that Plaintiff exhausted the grievance appeal process, because he had no control over prison officials' decision to process it in a manner other than Plaintiff intended and manifested on the form provided by the prison.  Defendants cannot rely on their mistake in processing the appeal as a way to foreclose Plaintiff's right to bring a civil rights suit.  In *Broder v.*

---

[1] Prison officials copy into their computer system the handwriting on the forms originally submitted to the prison.  The forms in this instance were not copied fully or accurately.  Not only was the checked "appeal" box not transferred onto the computer-prepared copy of the grievance, the Court also notes that the portions of the inmate's grievance that correspond to the sections where he wrote, "I have tried to solve this problem informally by:" and "I suggest the following solution to the problem:" were also incorrectly entered on the prison's computer-prepared copy of the grievance under the "The problem is:" section rather than in the appropriate sections.  (Compare Docket No. 5-2, p. 1 with Docket No. 25-3, p. 25.)  In addition, Defendants failed to submit the original handwritten grievance/appeals forms; these mistakes would not have been evident if the inmate had not submitted copies of the original forms.

MEMORANDUM DECISION AND ORDER 4

*Correctional Medical Services, Inc*., 2008 WL 704229, (E.D. Mich. Mar. 14, 2008), the court addressed a similar issue:

> [I]n *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In that case, the Court held that, to satisfy the exhaustion requirement, a prisoner must comply with all procedural requirements for filing the grievance, including time requirements. *See id.* at 2387-89. However, *Woodford* is inapposite here because, even if the grievance naming Pramstaller and Epp was in fact untimely, it was not rejected by prison officials on that basis, and was instead rejected on the merits. Where the prison officials themselves overlook a prisoner's failure to comply with procedural requirements and address the prisoner's grievance on the merits, the procedural default rule established by *Woodford* is inapplicable. *See Armitage v. Cherry*, No. C-06-00367, 2007 WL 1751738, at *6 (S.D.Tex. May 30, 2007) (citing *Johnson v. Johnson*, 385 F.3d 503, 520 (5th Cir. 2004)); *Gates v. Cook*, 376 F.3d 323, 331-32 & n. 6 (5th Cir. 2004)); *Jones v. Stewart*, 457 F.Supp.2d 1131, 1134, 1136-37 (D.Nev. 2006).

*Id*. at *10.  The reasoning of the *Broder* Court is sound and applicable here.  As a result, the Motion to Dismiss shall be denied.

## PLAINTIFF'S MOTIONS FOR INJUNCTION

A Rule 65 preliminary injunction may be granted if the moving party satisfies either the "traditional standard" or the "alternative standard" of law.  *International Jensen, Inc. v. Metrosound U.S.A., Inc*., 4 F.3d 819, 822 (9th Cir. 1993). The traditional standard requires a demonstration of the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief.  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).  Under the alternative standard, the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the

MEMORANDUM DECISION AND ORDER 5

possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. *Benda v. Grand Lodge of Internat'l. Ass'n. of Machinists & Aerospace Workers*, 584 F.2d 308, 315 (9th Cir. 1978), *cert. dismissed*, 441 U.S. 937 (1979). An irreparable injury is defined as an actual and concrete harm, or the imminent threat of an actual and concrete harm. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A threat of harm is not "imminent," if it is based upon remote possibilities or mere speculation. *Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 675 (9th Cir. 1988).

Where, as here, a party seeks a mandatory preliminary injunction, the court must deny such relief "unless the facts and law clearly favor the moving party." *See Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quotation and citation omitted); *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (because a preliminary injunction is an extraordinary remedy, it should not to be granted routinely, but only when the plaintiff, by a clear showing, carries its burden of persuasion on each of the required elements). A court "is not obligated to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Board of Education,* 910 F.2d 1172, 1176 (3rd Cir. 1990).

In his first Motion, Plaintiff argues that seven prison officials be ordered to have no "involvement in making decisions that concern Plaintiff," because these are the same prison officials that he is suing, and he fears retaliation. At this point, Plaintiff has not set

MEMORANDUM DECISION AND ORDER 6

forth allegations which would show that he will probably prevail on the merits of his claims. Neither has Plaintiff provided any factual allegations showing that it is likely that Defendants will retaliate against him during the pendency of this lawsuit.

Further, the Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78 (1987). Because dealing with segregation hearings and grievances are among those day-to-day operations and security matters that the courts should not interfere with, and because Plaintiff has offered not facts but merely speculation to support his claim of future retaliation, the Court declines to enter an injunctive order as Plaintiff suggests.

In his second Motion (Docket No. 23), Plaintiff argues that he is entitled to a preliminary injunction because the prison dentist took x-rays of his teeth, pretended to find cavities there, and drilled in Plaintiff's teeth–not because of any cavities, but purely out of retaliation for Plaintiff filing the civil rights complaint. Plaintiff has offered no causal link between the Defendants in this action and the dentist, who presumably is an independent contractor. In addition, the Court takes judicial notice of the fact that one of the primary reasons dentists routinely take x-rays of teeth is to find cavities and other anomalies that are unseen by the naked eye.

The Ninth Circuit has determined that a case or claim "is frivolous if it is of little weight or importance: having no basis in law or fact." *See Andrews v. King*, 398 F.3d

MEMORANDUM DECISION AND ORDER 7

1113, 1121 (9th Cir. 2005) (internal citations and punctuation omitted).  Here, Plaintiff's allegations have no basis in law or fact and can be described as "fanciful," "fantastic," or "delusional."  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  As a result, Plaintiff's Motion for Emergency Injunction shall be denied.  Plaintiff's allegations that his legal documents and mail have been lost or destroyed shall be addressed in his other pending lawsuits that focus on similar claims, but not as a basis for injunctive relief in this unrelated action.

   Plaintiff has also submitted a "Motion for Proof of Service," wherein he alleges that he may not have received everything shown on the docket.  He asks the Court to check to determine whether all of his pleadings and papers have been filed.  He has also separately sent correspondence to the Pro Se Unit seeking a copy of the docket sheet.  The Court has checked his list of filings against the docket, and all of Plaintiff's filings have been entered on the record.  Plaintiff's Motion shall be granted, and the Clerk shall send Plaintiff a copy of the docket.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED:

A.   Defendants' Motion to Dismiss (Docket No. 25) is DENIED.

B.   Plaintiff's Motions for Injunction (Docket Nos. 20 & 23) are DENIED.

C.   Plaintiff's Motion for Proof of Service (Docket No. 27) is GRANTED.  The Clerk of Court shall send Plaintiff a copy of the docket.

D.   If Defendants intend to file a Motion for Summary Judgment in this case, it shall be filed no later than sixty (60) days after entry of this Order.

DATED:  **June 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge