IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NICK BRADLEY MENNICK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV08-161-S-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| J. SMITH; MICHAEL JOHNSON, | ) | |
| KEITH YORDY, LT. GREENLAND, | ) | |
| and SGT. LINK, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this prisoner civil rights case are Defendants' Motion for Summary Judgment (Docket No. 32) and Plaintiff's Motion for Preliminary Injunction (Docket No. 35). Having reviewed the briefing submitted by the parties, as well as the record in this case, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**A.     Standard of Law**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S.

**MEMORANDUM DECISION AND ORDER 1**

317, 323-24 (1986). It is "not . . . a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those which may affect the outcome of the case. *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The Court must be "guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255. If a claim requires clear and convincing evidence, the issue on summary judgment is whether a reasonable jury could conclude that clear and convincing evidence supports the claim. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)

**MEMORANDUM DECISION AND ORDER 2**

(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in his favor. *Anderson*, 477 U.S. at 256-57. The non-moving party must go beyond the pleadings and show "by [his] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324 (citation and internal quotation marks omitted).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). In determining admissibility for summary judgment purposes, it is the content of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id*. (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995).

**MEMORANDUM DECISION AND ORDER 3**

The Ninth Circuit "ha[s] repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988) (citation and internal quotation marks omitted). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain "testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document." *Id.*

To prevail on a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must show that a violation of his rights protected by the Constitution or created by federal statute occurred, and that it was proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Material Facts**

Plaintiff is an inmate in the custody of the Idaho Department of Correction ("IDOC"). Defendants J. Smith, Michael Johnson, Keith Yordy, Lt. Greenland, and Sgt. Link are correctional officers employed at the Idaho Maximum Security Prison. Plaintiff alleges that Defendants kept him in administrative segregation for over two years for vindictive and retaliatory reasons, including retaliation for filing civil rights complaints against the prison. He also alleges that he notified Defendants of threats to his life by prison gangs, but they refused to place him in protective custody. (Second Amended Complaint, p. 1, Docket No. 13; Response to Motion for Summary Judgment, p. 2,

**MEMORANDUM DECISION AND ORDER 4**

Docket No. 34.)

IDOC policy specifies that inmates in restrictive housing receive housing reviews every 90 days and a face-to-face review every year. (*Id.*, Exhibit E.) The 90-day review hearings are supposed to be documented on an IDOC form, but in Plaintiff's case, the form was not filled out; instead, the hearings were documented in his "C-Notes," which are chronological notes of IDOC staff contacts with an inmate. (*Id.*, Exhibit D.)

A timeline of relevant events is as follows:

| | |
|---|---|
| August 2006 | Plaintiff was accused of intimidating staff. |
| Sept. 22, 2006 | Plaintiff was referred to administrative segregation (ad-seg) housing based on the August 2006 staff intimidation incident. Plaintiff received notice of the referral on the same day. |
| Sept. 26, 2006 | The housing committee held a hearing, which Plaintiff refused to attend, and the committee recommended that Plaintiff be placed in ad-seg. (*See* Affidavit of William Loomis and Exhibits A-C, Docket No. 32-3.) |
| Jan. 23, 2007 | Plaintiff received a housing review (approximately 120 days after placement in ad-seg), but he refused to attend the hearing. (*Id.*, Exhibit E.) |
| May 23, 2007 | Plaintiff received a housing review (approx. 120 days after first review), and he appears to have attended this hearing. (*Id.*) |
| Nov. 7, 2007 | Plaintiff received a housing review (approx. 160 days later), but he refused to attend the hearing. (*Id.*) |
| March 20, 2008 | Plaintiff had an annual housing review. (*Id.*, Exhibit F.) |
| April 2, 2008 | Plaintiff submitted a concern form requesting protective |

**MEMORANDUM DECISION AND ORDER 5**

|   |   |
|---|---|
|  | custody.[1]  (*Id.*, Exhibit G.) |
| April 9, 2008 | Plaintiff received an answer that protective custody was not necessary because his placement in ad-seg ensured that he had little or no contact with other inmates.  (*Id.*) |
| August 25, 2008 | Plaintiff received a housing review (approx. 150 days after the annual review), but he refused to attend the hearing.  (*Id.*, Exhibit E.) |
| Nov. 10, 2008 | Plaintiff received a housing review (approx. 120 days later), but he refused to attend the hearing.  (*Id.*) |
| March 1, 2009 | Plaintiff received a housing review (approx. 120 days later), but he refused to attend the hearing.  (*Id.*, Exhibit J.) |
| April 27, 2009 | Plaintiff received another annual housing review.  (*Id.*, Exhibit K.) |

### C. Due Process Claim

1. <u>Standard of Law</u>

When an inmate challenges his confinement in administrative or disciplinary segregation, he must show that he has a liberty interest before he can bring a due process claim.  *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).  To do that, he must show that he is suffering "the type of atypical, significant deprivation [that] might conceivably create a liberty interest," as described in *Sandin v. Connor*, 515 U.S. 472, 486 (1995). The *Sandin* Court relied on three factors in determining that the plaintiff possessed no

---

[1] There is some dispute about when Plaintiff requested protective custody.  Although Plaintiff initially claimed he submitted the form on April 2, 2008 -- which is corroborated by the prison's response to the request -- he now states he submitted it on March 2, 2008.  (Response, p. 8, Docket No. 34.)  However, this discrepancy is immaterial because Plaintiff does not raise any constitutional claim based on the timing of the prison's response.

**MEMORANDUM DECISION AND ORDER 6**

liberty interest in avoiding disciplinary segregation: (1) whether disciplinary segregation is essentially the same as discretionary forms of segregation; (2) how the conditions of plaintiff's confinement compare to conditions in the general population to determine whether plaintiff suffered a "major disruption in his environment"; and (3) whether the length of the plaintiff's sentence was affected.  *Id*. at 486-87.

If an inmate shows that he has a liberty interest in not being confined in segregation, then the following due process analysis applies.  Due process requires an opportunity to be heard at a meaningful time and in a meaningful manner.  *Davis v. Scherer*, 468 U.S. 183, 202 (1984).  The sufficiency of procedures is gauged by reviewing three factors: (1) the individual interest at stake; (2) the value of the procedural requirements, including the risk of an erroneous deprivation; and (3) the governmental interest involved.  *Mathews v. Eldridge*, 424 U.S. 319, 341-48 (1976).  When an inmate is placed in administrative segregation, an informal, nonadversarial process is sufficient to satisfy due process.  *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), *abrogated on other grounds by Sandin*, 515 U.S. 472.

  2. <u>Discussion</u>

Plaintiff argues that the prison was not following "the due process of when an inmate is to have reviews of his segregation."  (Response, p. 1, Docket No. 34.)  He also alleges that the housing reviews were simply "meaningless gestures" that did not satisfy due process.  (*Id*.)  The Court will assume, without deciding, that Plaintiff has a liberty interest in being free from administrative segregation.  Nevertheless, Plaintiff received all

**MEMORANDUM DECISION AND ORDER 7**

the process he was due.

Plaintiff was given notice of the initial ad-seg hearing and of all subsequent review hearings. IDOC policy requires a restrictive housing review hearing every 90 days. As the above timeline shows -- and as Defendants concede -- all of Plaintiff's review hearings were late. However, Defendants' failure to follow their 90-day regulation does not violate due process as long as the review process still meets the standard set by the Due Process Clause. *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir.1994) (due process does not require a prison to comply with its "own, more generous procedures" as long as minimum constitutional requirements are met), *abrogated on other grounds by Sandin*, 515 U.S. 472; *Hewitt*, 459 U.S. at 477 n.9 (prison officials need only engage in "some sort of periodic review" of an inmate's segregation).

Plaintiff's review proceedings, although in violation of the prison's policy, appear to satisfy the requirements of due process. Plaintiff has received six ad-seg reviews -- in addition to his two annual reviews -- within a period of three and a half years. None of these hearings was held more than six months after the last one. Thus, Defendants have met their initial burden of showing that Plaintiff's ongoing assignment to ad-seg has been accompanied by procedures that safeguarded any liberty interest he might have. The burden now shifts to Plaintiff to come forward with evidence that the review procedures were constitutionally inadequate. Plaintiff has failed to do so.

It appears that Plaintiff attended both of his annual review hearings. However, with one exception, Plaintiff did not take the opportunity to attend any of his other

**MEMORANDUM DECISION AND ORDER 8**

hearings. If he had done so, he could have told his side of the story and made his case as to why he should not remain in ad-seg. He did not. Plaintiff states, "I refused to go to most of my hearings because I did not want prison gangs assaulting me. I cannot be placed in general population. The hearings were nothing more than a sham." (Response, p. 2, Docket No. 34.) But, of course, having refused to attend, Plaintiff has no personal knowledge of the events at the hearings, nor has he submitted evidence suggesting there were any defects in the proceedings. Even with respect to the hearing Plaintiff *did* attend, he has still offered nothing more than his speculation that the hearing was unfair. Mere speculation is not sufficient to survive summary judgment. *Nelson v. Pima Community College*, 83 F.3d 1075, 1081-82 (9th Cir. 1996). The Court cannot simply assume that the hearings violated due process and will therefore grant Defendants' motion on the due process claim.

**D.     Retaliation Claim**

    1.     Standard of Law

A retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

    2.     Discussion

Plaintiff asserts that he was retained in ad-seg and denied protective custody status

**MEMORANDUM DECISION AND ORDER 9**

in retaliation for filing several other civil rights complaints. However, other than Plaintiff's assertion that his housing assignment was vindictive, there is nothing in the Second Amended Complaint to suggest Defendants had a retaliatory motive for retaining Plaintiff in ad-seg. (*See* Second Amended Complaint, p. 2. Docket No. 13.) In his Response to the instant motion, Plaintiff failed to submit any evidence that his other civil rights complaints caused his continued placement in ad-seg or the denial of protective custody. Plaintiff merely states that prison officials are retaliating against him and will continue to do so. (Response, pp. 2, 4, Docket No. 34.) This bare assertion is not enough to withstand summary judgment. Defendants' motion will be granted as to the retaliation claim.

### E.     Eighth Amendment Claim

####       1.     Standard of Law

To state a claim under the Eighth Amendment, Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff must also show that Defendants were deliberately indifferent to the substantial risk of serious harm. Deliberate indifference exists when an official knows of and disregards a condition posing a substantial risk of serious harm or when the official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws the inference. *Id.* at 837.

####       2.     Discussion

Plaintiff claims that the Eighth Amendment requires Defendants to remove him

**MEMORANDUM DECISION AND ORDER 10**

from ad-seg and place him in protective custody for his own safety. (Second Amended Complaint, pp. 2-3, Docket No. 13.) Plaintiff does not have a constitutional right to any particular housing classification. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). If the choice of housing classification merely involves a dispute over the existence of "arguably superior alternatives," summary judgment is appropriate. *Berg v. Kincheloe*, 794 F.2d 457, 462 (9th Cir. 1986). Nevertheless, Defendants may not, with deliberate indifference, confine Plaintiff where he faces a substantial risk of serious harm. *Farmer*, 511 U.S. at 834-37. It is possible that ad-seg meets this constitutional standard. Ad-seg might be so similar to protective custody that either classification would satisfy the Eighth Amendment.

However, Defendants have addressed this issue only in passing and without citation to the record. (*See* Memorandum in Support of Motion for Summary Judgment, p. 15, Docket No. 32-2.) Defendants have submitted evidence that the *privileges* inmates receive in ad-seg are similar to those in protective custody. (*See* Affidavit of William Loomis, Exhibit D, pp. 24-25 (describing opportunities for inmates in restrictive housing), Docket No. 32-3.) However, Defendants have not shown that the two custody levels have such similar *safety protections* that ad-seg could be considered "functionally equivalent" to protective custody, nor have they shown that a reasonable prison official would have so believed. (Memorandum in Support of Motion for Summary Judgment, p. 15, Docket No. 32-2.)

The Court concludes that there is insufficient evidence at this time to determine

**MEMORANDUM DECISION AND ORDER 11**

whether Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim. Therefore, the Court will currently deny the motion for summary judgment without prejudice on this claim and will permit Defendants to supplement the record and move anew for summary judgment (without refiling the previous motion and supporting documents) within 30 days of this Order, if the facts support such a filing at that time. To prevail, Defendants must offer admissible evidence to show (1) that the safety protections in ad-seg are such that Plaintiff does not face a substantial risk of serious harm by remaining there, (2) that Defendants have not been deliberately indifferent to such a risk, and/or (3) that reasonable officials in Defendants' positions would have believed their conduct was lawful. If Defendants do so, Plaintiff shall supplement the record with admissible evidence setting forth how ad-seg, as opposed to protective custody, *does* place him in substantial risk of serious harm and how Defendants were deliberately indifferent to that risk.

## PLAINTIFF'S MOTION FOR INJUNCTION

A Rule 65 preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Resources Defense Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 374 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be

**MEMORANDUM DECISION AND ORDER 12**

clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (relief must be denied unless the facts and law clearly favor the moving party).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). In deciding whether to issue a preliminary injunction, the court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (citing *Dymo Indus., Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). A court "is not obliged to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.,* 910 F.2d 1172, 1176 (3rd Cir. 1990).

The Prison Litigation Reform Act, 18 U.S.C. § 3626 ("PLRA") requires that prospective injunctive relief against a state prison system be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." *Id*. at § 3626(a)(1); *see also Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) (PLRA "has not substantially changed the threshold findings and standards required to justify an injunction.").

**MEMORANDUM DECISION AND ORDER 13**

Plaintiff alleges that he broke out with a rash on about November 21, 2009. He sent a concern form to the medical unit on November 25, 2009. The medical unit replied only that Plaintiff had refused a physical. Plaintiff did not agree that he had refused a physical, and he did not know why refusal to have a physical had anything to do with his request for treatment for a rash. He received hydrocortisone from a nurse who was making cell rounds on November 26, 2006. Plaintiff filed additional concerns and a grievance. His grievance was denied because he had a medical appointment set for December 14, 2009. Plaintiff alleges the medical unit stated that he did not receive an earlier appointment because of lock-downs, backed-up appointments, and emergencies. Plaintiff alleges that these reasons were untrue, and that the medical unit is retaliating against him for filing civil rights lawsuits.

Here, Plaintiff has provided no allegations showing that any medical staff knows of this lawsuit or any other lawsuit Plaintiff has filed. Plaintiff has not shown that any medical staff has any stake in any lawsuit Plaintiff has filed, or, in other words, that any medical staff would have a reason to retaliate. This lawsuit does not concern medical treatment or the medical staff. As a result, Plaintiff's Motion for Injunction must be denied for lack of causation and lack of any relationship between the claims for injunctive relief and the merits of the present case. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).[2]

---

[2] In *Devose*, the court explained:

**MEMORANDUM DECISION AND ORDER 14**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.   Defendants' Motion for Summary Judgment (Docket No. 32) is GRANTED IN PART and DENIED IN PART. It is granted on Plaintiff's due process and retaliation claims, and it is denied without prejudice on Plaintiff's Eighth Amendment deliberate indifference claim.

B.   Defendants may renew their Motion for Summary Judgment with respect to the Eighth Amendment claim within the next (30) days by filing a supplement. If they do so, Plaintiff shall -- within thirty (30) days of receiving Defendants' supplement -- file his own supplement indicating how Defendants have violated his Eighth Amendment right to be free from

---

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. *See Dataphase Sys., Inc., v. C L Sys., Inc*., 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Penn v. San Juan Hosp., Inc*., 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. *See Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

42 F.3d at 471.

**MEMORANDUM DECISION AND ORDER 15**

a substantial risk of serious harm, supported by admissible evidence, such as a detailed affidavit.

C. Plaintiff's Motion for Injunction (Docket No. 35) is DENIED.



DATED: **March 16, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER 16**